**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **D'URVILLE A. CHRISTOPHER, SR.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil No. SAG-24-3675** |
| **AUDREY Y. DAVIS, *et al.*,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff D'Urville A. Christopher, Sr. ("Plaintiff"), who is self-represented, filed an amended petition in the form of a mandamus action against officials associated with the Navy and the Defense Finance and Accounting Service (collectively "Defendants"), asking this Court to compel Defendants to perform various acts. ECF 25. Defendants filed a motion to dismiss Plaintiff's Petition for failure to state a claim and lack of jurisdiction. ECF 28. Plaintiff filed an opposition to Defendants' motion, ECF 32, and Defendants filed a reply, ECF 36. This Court has reviewed all of the briefing and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, Defendants' motion will be GRANTED in part and DEFERRED in part, in that venue will be transferred to the Court of Federal Claims.

### I. FACTUAL BACKGROUND

The following facts are derived from Plaintiff's amended petition, liberally construed by the Court. ECF 25. Plaintiff was arrested in 2014 after more than 20 years of active duty service with the United States Navy. He was found guilty of four charges and served time in confinement. In 2017, he was honorably discharged on the basis of having been kept on active duty without a valid contract. Plaintiff then prevailed in a series of appeals, resulting in dismissal of all of his

criminal charges and an order saying that "[a]ll rights, privileges, and property of which the accused has been deprived by virtue of the execution of the sentence adjudged at the former trial of this case on 21 April 2021 will be restored." ECF 1-3. In 2024, Plaintiff sent a demand letter seeking back pay, allowances, bonus, advancement, uniform allowances, and travel pay. He has received some retirement pay and back pay but his amended petition seeks nineteen other forms of relief, ECF 25 at 2–3, including various monetary payments he believes he was owed for seven or nine year periods, including monetary payments for all leave that should have accrued over nine years, in addition to payment for legal fees and loss of rental income. *Id.*

## II.    ANALYSIS

This case presents with unusual framing. While it is couched as a petition seeking only equitable relief in the form of mandamus, and while certain of Plaintiff's requests (for promotion, military service medals, and reinstatement of his security clearance) are equitable in nature, the overwhelming majority of Plaintiff's requests ask this Court to order Defendants to award him money. *See* ECF 25 at 2–3. The categories of equitable relief Plaintiff seeks are non-justiciable, because decisions about military awards and promotions are within the realm of military personnel decisions that cannot be altered by a court. *See Lanier-Finn v. Dep't of Army*, 963 F. Supp. 2d 476, 484 n.6 (D. Md. 2013) ("[A] request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions.") (quoting *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989)); *Voge v. United States*, 844 F.2d 776, 780 (Fed. Cir. 1988) (holding that "routine personnel decisions" are "variously held nonjusticiable or beyond the competence or the jurisdiction of courts to wrestle with."). The Supreme Court's decision in *Department of the Navy v. Egan* also forbids judicial review of security clearance decisions. 484 U.S. 518, 528–30 (1988); *see also Hegab v. Long*, 716 F.3d 790, 794 (4th Cir. 2013) ("[F]ederal courts are generally without subject-matter jurisdiction to review an agency's security clearance decision.").

As to Plaintiff's purportedly equitable claims seeking monetary relief, this Court properly considers the "essence" of the claim to determine whether it is one seeking monetary damages, not simply the label affixed by Plaintiff. *See Randall v. United States*, 95 F.3d 339, 347 (4th Cir. 1996); *James v. Caldera*, 159 F.3d 573, 579 (Fed. Cir. 1998) ("Our inquiry, however, does not end with the words of the complaint, however instructive they may be, for we still must 'look to the true nature of the action in determining the existence or not of jurisdiction.'") (quoting *Katz v. Cisneros*, 16 F.3d 1204, 1207 (Fed. Cir. 1994)). Plaintiff asks this Court to order Defendants to provide him various forms of monetary compensation, which in their totality would well exceed $10,000. The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims for cases seeking monetary relief against the United States in excess of that amount. *See Portsmouth Redevelopment & Hous. Auth v. Pierce*, 706 F.2d 471, 474 (4th Cir. 1983); 28 U.S.C. § 1491(a)(1).

Accordingly, and because both parties were on notice of the Tucker Act issue and briefed it in their filings, this Court deems it appropriate to transfer venue of this case to the Court of Federal Claims pursuant to 28 U.S.C. § 1406(a). *See id.* ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

A separate Order follows, GRANTING Defendant's motion, ECF 28, in part in that it will transfer venue of this case to the Court of Federal Claims, and DEFERRING the remainder of Defendants' motion for adjudication in the transferee court.

Dated: December 22, 2025                                      /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge